IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

STEVEN W. QUICK, ID # 1243617,     )
         Plaintiff,         )
vs.                       )       No. 3:05-CV-1621-B
                         )
HOWARD KWELLER, et al.,      )
         Defendants.     )

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I.  BACKGROUND

On August 12, 2005, the Court received the instant complaint from plaintiff, a prisoner currently housed in the Texas Department of Criminal Justice, Correctional Institutions Division. (Compl. at 1.)  Pursuant to 42 U.S.C. § 1983, plaintiff alleges violations of his constitutional rights based on the conditions of his former incarceration in the Hunt County Jail.  (*See generally id.* at 3-4.) His complaint specifically relates to medical treatment received from Howard Kweller and an unidentified nurse at the jail.  (*Id.*)  No process has been issued in this case.

### II.  EXHAUSTION

A prisoner must fully exhaust administrative remedies before pursing a civil action concerning prison conditions.  Section 1997e(a) of Title 42 of the United States Code, as amended by the Prison Litigation Reform Act of 1996 (PLRA), provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are

available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion is a prerequisite to suit even when the prisoner seeks relief not available in grievance proceedings such as money damages. *See Booth v. Churner*, 532 U.S. 731, 740-41 (2001).

Exhaustion under the PLRA is mandatory, and the requirement is strictly construed. *See Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003). When a prisoner fails to exhaust his administrative remedies prior to filing suit, without a valid excuse, the Court properly dismisses the action without prejudice to its refiling after the prisoner exhausts his administrative remedies. *See Wendell v. Asher*, 162 F.3d 887, 890-91 (5th Cir. 1998). The Court does not "inquire whether administrative procedures satisfy minimum acceptable standards of fairness and effectiveness"; prisoners simply "must exhaust such administrative remedies as are available, whatever they may be." *Alexander v. Tippah County*, 351 F.3d 626, 630 (5th Cir. 2003) (citations and internal quotation marks omitted), *cert. denied*, 541 U.S. 1012 (2004). In addition, the courts need not "determine whether a prisoner . . . has reasonably and in good-faith pursued his administrative remedies." *See Underwood v. Wilson*, 151 F.3d 292, 294 (5th Cir. 1998).

In this instance, plaintiff's complaint demonstrates that he has not exhausted his administrative remedies. (*See* Compl. at 3 (checking "No" in response to whether he has exhausted grievance procedures).) He provides no reason for the failure to exhaust such remedies. Consequently, his complaint should be dismissed.

## III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS** plaintiff's complaint without prejudice for plaintiff's failure to exhaust his administrative remedies.

**SIGNED this 27th day of September, 2005.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE